UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION </br></br>THIS DOCUMENT RELATES TO:</br></br>*Masiowski v. AmerisourceBergen Drug Corp., et al.,*</br>No. 18-op-45985 | ) MDL 2804</br>)</br>)  Case No. 1:17-md-2804</br>)</br>)  Judge Dan Aaron Polster</br>)</br>) <u>**ORDER GRANTING MASIOWSKI'S**</u></br>) <u>**MOTION FOR LEAVE TO FILE**</u></br>) <u>**CORRECTED OMNIBUS REPLY**</u> |

Before the Court is Plaintiff Masiowski's Motion for Leave to File Corrected Omnibus Reply. Docket no. 6217. Defendant JM Smith filed a Response. Docket no. 6232. Masiowski filed a Reply. Docket no. 6233. JM Smith filed a Sur-Reply.[1] Docket no. 6236-1. For the reasons below, Masiowski's Motion is **GRANTED**.

The Court adopts the legal standard provided by JM Smith:

> Whether a missed deadline should be excused is an equitable determination made in the Court's discretion. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). Courts weigh the following factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Id.* These factors are evaluated against "all relevant circumstances" including a history of neglect or dilatory conduct. *Nafziger*, 467 F.3d at 523 (cleaned up). Masiowski has the burden of showing his neglect should be excused under the circumstances. *See Wilkerson v. Jones*, 211 F.Supp.2d 856, 858 (E.D. Mich. 2002).

Response at 2 (footnote omitted).

---

[1] JM Smith moved for leave to file a sur-reply as this Court was preparing to issue its order. *See* docket no. 6236. That motion is **GRANTED**, and the Court has considered the arguments presented by JM Smith in the sur-reply appended to its motion for leave.

First, there is virtually no danger of prejudice to JM Smith. This is merely a Reply brief on Masiowski's Motion for Leave to Amend ("MTA") (docket no. 5882). JM Smith's position on the merits is already fully and fairly represented in its opposition to the MTA (docket no. 5882). Thus, factor one weighs in favor of granting Masiowski's Motion.

Second, there is little to no impact on these judicial proceedings. Masiowski recognized his error and filed the instant Motion on July 3, 2025, one day after the deadline for his reply to the MTA. Meanwhile, the PEC's reply briefs to their motions to add the PBMs are not due until August 15, 2025. Because Masiowski also moved to add the PBMs, the Court will likely consider his motion at the same time as those of the PEC, to facilitate consistency across the Court's rulings. Accordingly, factor two also weighs in favor of granting Masiowski's Motion.

With respect to factors three, four, and five, there are some factual disputes between the parties regarding the MTA briefing schedule. The Court will not recount or correct either parties' recitation of the lengthy procedural history. Instead, the Court simply recognizes there are over thirty docket events, including briefing on the instant motion, relating in different ways to Masiowski's MTA, including multiple extensions of time granted on several motions by various parties. The sheer volume of ink spilt on these issues has likely created some of the confusion regarding briefing deadlines.

Turning specifically to factor three, Masiowski asserts the reason he failed to include JM Smith in his MTA Reply was a confluence of factors including: (1) JM Smith filed its MTA Response only on the master MDL docket, and not the member case docket; and (2) Masiowski thought JM Smith's MTA Response was due on September 30, 2024. This is not the first time a party has made a briefing scheduling error in this MDL, and the Court has, for the most part, been accommodating to parties that confess to good faith administrative mistakes. *See, e.g.,* the Court's

June 23, 2025, Order Granting Plaintiff Saint Elizabeth Medical Center, Inc.'s Motion to Vacate. That said, the Court now makes very clear to Plaintiff Masiowski that he has used up all his second chances, and the Court is very unlikely to continue to be lenient with briefing deadlines in his case. With that warning, the Court finds factor three—reason for the delay—to weigh neutrally in neither direction.

Whatever the reason, this delay was very much in Masiowski's control. Masiowski should have been monitoring and noticed—at some point in the 167 days between JM Smith's Response due date (January 16, 2025) and his own Reply due date (July 2, 2025)—that JM Smith had filed a response to his MTA on the main MDL docket, even if JM Smith failed to file it on the member case docket. Factor four weighs in favor of denying Masiowski's Motion.

Finally, with respect to the question of good faith, the Court is disinclined to attribute bad faith to Masiowski when his actions can be explained equally or better by simple administrative oversight. Accordingly, the Court finds the fifth factor to weigh slightly in favor of granting Masiowski's Motion.

In sum, factors one, two, and five weigh in favor of granting Masiowski's Motion. Factor three is neutral and factor four counsels against granting it. Accordingly, Masiowski's Motion is **GRANTED**. Plaintiff Masiowski shall file his corrected reply as quickly as possible, but in no case later than one week from the date of this Order.

**IT IS SO ORDERED.**

  /s/ Dan Aaron Polster  July 28, 2025  
**DAN AARON POLSTER**  
**UNITED STATES DISTRICT JUDGE**